# United States Court of Appeals for the Fifth Circuit

———————

No. 23-11071

———————

United States Court of Appeals
Fifth Circuit

**FILED**

August 9, 2024

Lyle W. Cayce
Clerk

UNITED STATES TRINITY ENERGY SERVICES, L.L.C.,

*Plaintiff—Appellant*,

*versus*

SOUTHEAST DIRECTIONAL DRILLING, L.L.C.,

*Defendant—Appellee*.

———————————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:23-MC-8

———————————————————————

Before KING, STEWART, and HIGGINSON, *Circuit Judges*.

PER CURIAM:[*]

Plaintiff-Appellant United States Trinity Energy Services, L.L.C., and Defendant-Appellee Southeast Directional Drilling, L.L.C., were parties to a construction subcontract. After a dispute arose regarding who was liable for "stand-by costs" incurred during construction, the parties agreed to submit their question to arbitration. A panel of three arbitrators—after entertaining oral argument, reviewing the parties' written submissions, and

———————————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 23-11071

considering the relevant provisions of the subcontract—concluded that Southeast Directional Drilling ("Southeast") was entitled to stand-by costs in the amount of $1,662,000.00 from United States Trinity Energy Services ("Trinity").

On June 6, 2023, Trinity filed a Petition to Vacate Arbitration Award in the U.S. District Court for the Northern District of Texas. Relying on 9 U.S.C. § 10(a)(4), Trinity sought to vacate the arbitration panel's Final Award because "the arbitration panel exceeded its authority." On June 29, 2023, Southeast filed *both* a Response in Opposition to Trinity's Petition *and* a Cross-Motion to Confirm Arbitration Award. On October 2, 2023, the district court entered an Order Denying Motion to Vacate Arbitration Award. However, the district court did *not* rule on Southeast's Cross-Motion to Confirm Arbitration Award.[1] To date, Southeast's Cross-Motion remains pending below.[2]

Trinity now appeals the district court's denial of its Petition to this court. Both parties agree and contend that 9 U.S.C. § 16(a)(3) confers jurisdiction to hear this appeal. However, we cannot just take the parties at their word; our court "has a continuing obligation to assure itself of its own jurisdiction, sua sponte if necessary." *Green Valley Special Util. Dist. v. City of Schertz*, 969 F.3d 460, 468 (5th Cir. 2020) (en banc) (quoting *United States v. Pedroza-Rocha*, 933 F.3d 490, 493 (5th Cir. 2019)).

---

[1] The district court was clear in its October 2, 2023 Order that it was only ruling on Trinity's Petition: "Since there is no doubt that the arbitration panel interpreted the contract, and it is therefore not for this Court to opine whether they were correct, *Plaintiff's petition (doc. 1)* is DENIED." (emphasis added).

[2] Southeast acknowledges such in its brief: "[T]he district court has yet to decide Southeast['s] pending Counter-Motion to Confirm the Arbitration Award. Upon information and belief, the district court stayed any decision on confirming Southeast's arbitration award while the instant appeal is pending."

No. 23-11071

Federal courts of appeals have jurisdiction over "appeals from all final decisions of the district courts of the United States." 28 U.S.C. § 1291. Similarly, in the context of an arbitration dispute, the Federal Arbitration Act provides that "[a]n appeal may be taken from . . . a final decision with respect to an arbitration that is subject to this title." 9 U.S.C. § 16(a)(3); *see also Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 86 (2000) ("Section 16(a)(3) . . . preserves immediate appeal of any 'final decision with respect to an arbitration,' regardless of whether the decision is favorable or hostile to arbitration."). "Because the [Federal Arbitration Act] does not define 'a final decision with respect to an arbitration' or otherwise suggest that the ordinary meaning of 'final decision' should not apply, we accord the term its well-established meaning." *Green Tree*, 531 U.S. at 86. Thus, a "final decision" is one that "ends the litigation on the merits and leaves nothing more for the court to do but execute the judgment." *Id.* (citations omitted).

Here, as noted above, the district court has not yet ruled on Southeast's outstanding Cross-Motion to Confirm Arbitration Award, and it remains live below. Further, the district court has not entered any form of final judgment, nor has it indicated in any way that it has fully dismissed this case. We do not speculate as to why the district court has refrained from taking any of these actions; we simply conclude that this is not a case where there is "nothing more for the [district] court to do but execute the judgment." *Id.* (citations omitted). In fact, the interlocutory nature of this appeal is confirmed by the fact that the appeal is labeled as such on the district court's docket.[3] Thus, Trinity's appeal is premature, and we lack jurisdiction to hear it.

---

[3] We also note that none of the interlocutory jurisdiction conferring provisions of the Federal Arbitration Act apply in this case. *See* 9 U.S.C. § 16(a)(1)–(2).

No. 23-11071

DISMISSED.